**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | |
|---|---|
| In re: | Case No.: 22-30770 (AMN) |
| CYNTHIA A. MOORE, *Debtor* | Chapter 13 |
| LOANCARE, LLC, *Movant* | |
| v. | |
| CYNTHIA A. MOORE, *Respondent* | |
| ROBERTA NAPOLITANO, *Trustee* | Re: ECF No. 17 |

**MEMORANDUM OF DECISION AND ORDER
*SUA SPONTE* DISMISSING THE CASE DUE TO INELIGIBILITY
UNDER 11 U.S.C. § 109(g)(2) AND DENYING *IN REM* RELIEF FROM STAY**

*Appearances*

| | |
|---|---|
| Timothy M. Lodge, Esq.<br>Law Offices of Timothy M. Lodge<br>1001 Farmington Ave., Suite 302<br>Bristol, CT 06010 | *Counsel for debtor and respondent* |
| Sara M. Buchanan, Esq.<br>Bendett & McHugh, P.C.<br>270 Farmington Avenue, Suite 151<br>Farmington, CT 06032 | *Counsel for movant* |
| Roberta Napolitano, Esq.<br>10 Columbus Boulevard<br>Hartford, CT 06106 | *Standing Chapter 13 Trustee* |

1

**Introduction**

Before the court is a motion filed by LoanCare, LLC, (the "Movant") seeking relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4)(for cause, and *in rem* relief)[1] to permit the Movant to pursue its remedies, if any, under non-bankruptcy law against Cynthia A. Moore (the "Debtor") relating to real property known as 53 Nicola Street, Waterbury, Connecticut (the "Property"). ECF No. 17 (the "Motion"). To support its request for *in rem* relief pursuant to § 362(d)(4), and apparently seeking dismissal in addition to *in rem* relief, the Movant argues Ms. Moore was ineligible to be a Chapter 13 debtor when she filed the bankruptcy petition here, less than 180 days after she had voluntarily dismissed a prior Chapter 13 case. 11 U.S.C. § 109(g)(2).

It appears uncontested that if the Debtor filed this same case at any time during the period from December 20, 2022 through February 5, 2023, she would have been eligible to be a Chapter 13 debtor under § 109(g)(2), and that case would have stayed the running of a February 6, 2023 strict foreclosure law day pursuant to § 362(a).

I. **PROCEDURAL HISTORY AND FINDINGS OF FACT**

In October 2016, the Movant commenced a foreclosure case against the Property (the "Foreclosure Case") in state court. ECF No. 17, p. 44. The Debtor's four bankruptcy cases and their relationship to the Movant's Foreclosure Case are summarized in the following table.

| Case Number | Chapter | Filing Date | Foreclosure Status | Dismissal Date |
|---|---|---|---|---|
| 17-30742 | 13 | 5/18/2017 | Complaint pending | 9/19/2017 |
| 18-30371 | 13 | 3/6/2018 | Motion for Judgment pending | 5/6/2019 |

---

[1] Title 11, United States Code, is the "Bankruptcy Code." Statutory references are to the Bankruptcy Code unless otherwise noted.

2

| 21-30745 | 13 | 9/21/2021 | Motion for Judgment pending | 6/22/2022 |
| 22-30770 | 13 | 12/3/2022 | Judgment of Strict Foreclosure– 2/6/2023, law day[2] | |

The court held an evidentiary hearing on the Motion, hearing credible testimony from the Debtor as the only witness. The Debtor testified that during the third bankruptcy case, case number 21-30745 ("Third Case"), she sent timely post-petition payments using money orders to the mortgagee or its servicer and made payments to the Chapter 13 Trustee as required by § 1326(a). ECF No. 49 at 00:09:10–00:09:26.[3] Three of the post-petition mortgage payments were returned to her, while five others were processed. ECF Nos. 49 at 00:23:21–00:24:26; 52. The Debtor sent payments to a corporation, Shellpoint, that she believed to be the proper loan processor for her mortgage, who did accept some payments. ECF Nos. 49 at 00:18:14–00:21:10; 52. The Debtor testified she voluntarily dismissed the Third Case in part to seek a loan modification from the Movant. ECF No. 49 at 00:12:46–00:13:23. At the time the Debtor moved to dismiss the Third Case, a motion for relief from stay by the same creditor was pending. The Debtor's uncontested and credible testimony was that she decided to voluntarily dismiss her case to try to work out the payment issues and pursue a mortgage modification.

The Debtor also testified that during the pendency of this case (the "Fourth Case") she has made timely post-petition mortgage payments to the Movant or its

---

[2] ECF No. 17, p. 49

[3] All timestamps indicate the hours minutes and seconds (00:00:00) for the .mp3 file publicly available at the referenced ECF No. as played on VLC Media Player.

3

servicer, and made Chapter 13 Plan payments to the Chapter 13 Trustee, which were substantially current at the time of the hearing. ECF No. 49 at 00:29:13–00:29:32.

The Debtor and the Trustee argue the Debtor should be eligible to be a debtor in this Fourth Case because the court has discretion to look at the circumstances of a debtor's bankruptcy petition filings when applying § 109(g)(2), interpreting the phrase "following the filing" to mean "as a consequence of the filing." The Movant opposes the Debtor's eligibility, arguing the court must apply the plain language of § 109(g)(2) to interpret the phrase "following the filing" to mean "after the filing."

## II. APPLICABLE LAW

### a. 11 U.S.C. § 362(d)(4) – *In Rem* Relief

In 2005, Congress added § 362(d)(4) to the Bankruptcy Code to provide *in rem* relief to creditors when a court determines a debtor has used the bankruptcy process as part of a scheme to delay, hinder or defraud creditors. In particular, a creditor may seek *in rem* relief:

> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief

4

> from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

11 U.S.C. § 362(d)(4).

### b. <u>11 U.S.C. § 109(g)(2) – Ineligibility to be a Debtor</u>

The Bankruptcy Code specifies who may be a debtor in § 109, and as relevant here provides:

> Notwithstanding any other provision of this section, no individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . .
>
> > (2)    the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

Courts are divided in their application of this provision, with the majority of courts appearing to favor a plain language application as urged by the Movant, while a minority of courts apply a discretionary approach as supported by the Trustee and the Debtor. The differing approaches result from interpretation of the phrase "following the filing" in § 109(g)(2). A recent case by United States Bankruptcy Judge Wayne Johnson, *In re: La Granja 240, L.P.,* 636 B.R. 801 (C.D.Cal. 2022), nicely collected and summarized the various approaches courts have taken in wrestling with the question the parties present here. *See, In re: La Granja 240, L.P.,* fns. 1–3. In choosing to apply the plain language of the statute, Judge Johnson referenced cases addressing this question decades ago in footnote 4:

5

> The court embraces the "majority view" because it follows the plain language of the statute. Case authority, legal reasoning and the language of the statute support the majority view. To not follow the plain language would run afoul of the responsibility of a judge to interpret and apply laws as written by Congress. It would also invite mischief that the language of the statute forbids. One bankruptcy court explained the matter exceptionally well in *In re Richardson*, 217 B.R. 479 (Bankr. M.D.La. 1998). After exhaustively analyzing the various views of interpretating section 109(g)(2), the court followed the plain language of the statute and stated:
>
> "Some bankruptcy courts are apparently capable of unerringly detecting the will of the debtor. These courts can ferret out, on a case-by-case basis, a debtor's motives in filing a motion for voluntary dismissal, and can determine whether and/or when it is appropriate to apply the law. This Court is not so perceptive or wise. In fact, it appears to this Court that Congress may have intended to avoid case-by-case adjudication when it drafted § 109(g)(2). Congress may have concluded that some debtors would be capable of convincing a bankruptcy court such as this one that their motives were pure, when in fact they were not. Alternatively, Congress may have determined that it wasn't worth the bankruptcy courts' time or effort to decide which debtors were attempting to abuse the system.
>
> "Finally, it seems completely rational to believe that Congress intended the statute to be applied as written, so that debtors would know the consequences of dismissal after a motion for relief from stay, and would avoid effectuating it voluntarily unless the benefits outweighed the downside. Courts who refuse to apply the law as written do no one, not even the debtors for whom they feel so, any favors. By creating a guessing game the risks increase as do the costs of protecting legal rights. It is enough work to apply the law and do it right. Do we need to create the extra class of litigation, *i.e.*, over whether the law 'ought' to apply this time or not?" *Id.* at 492–93.
>
> *In re La Granja 240, L.P.*, 636 B.R. at 805 fn. 4.

Notably, notwithstanding this history of differing approaches by courts around the nation, Congress has not modified §109(g)(2).

### c. Second Circuit Application of 11 U.S.C. § 109(g)(2)

In considering another eligibility requirement laid out in § 109, the Second Circuit determined that, "although an individual may be ineligible to be a debtor under the Bankruptcy Code for failure to satisfy the strictures of § 109(h), the language of § 301 does not bar that debtor from commencing a case by filing a petition; it only bars the case from being maintained as a proper voluntary case under the chapter specified in the petition." *In re Zarnel*, 619 F.3d 156, 166–67 (2d Cir. 2010). From this it appears if an ineligible debtor files a bankruptcy petition, the case is commenced and the stay of § 362(a) applies. Nonetheless, consequences flowing from a debtor's ineligibility might be dismissal of the case, annulment or relief from stay, or other relief.

Within the Second Circuit, bankruptcy judges grappling with whether § 109(g) must be applied by its plain terms by interpreting "following" to be a temporal limitation rather than a causal one have entered decisions the Debtor and Trustee argue support their position. In 2003, the Vermont Bankruptcy Court delved into the underlying facts of a debtor's prior case and applied a causal approach, disregarding the temporal limitation, and permitted the case to proceed. *In re Keefe*, 2003 WL 22872152, *3 (Bankr. D. Vt. 2003). This court respectfully disagrees with the analysis in *Keefe*, and in any event the facts here are distinguishable. The facts and procedural history described in a 2016 case, *In re Covelli*, 550 B.R. 256, 264–265 (Bankr. S.D.N.Y. 2016), are also distinguishable from this case, and the analysis relied on by the bankruptcy court in that case to address a discharge violation in a debtor's case is inapposite to this case.

7

### III. THE PARTIES' ARGUMENTS

#### a. The Debtor's Argument

The Debtor in the present case asks the court to adopt the causal connection approach, arguing that the natural reading of the word "following" within the statute is to be read as synonymous with "as a consequence of." ECF No. 32, p. 4. The Debtor argues she did not voluntarily dismiss her Third Case "as a consequence of" or "following" the filing of a pending motion for relief from stay. Instead, she argues she dismissed the case in good faith to permit her to pursue a mortgage loan modification from her mortgage company. ECF No. 32, p. 5. The Debtor also argues that the filing of this Fourth Case should not be seen as an attempt to delay or frustrate the Movant because there was ample time for her to file a new bankruptcy petition after the 180-day limitation and before the law day set down by the Connecticut Superior Court foreclosure order. ECF No. 32, p. 5.

#### b. The Trustee's Argument

The Trustee also urges application of the causal connection interpretation of 109(g)(2). ECF No. 42, p. 1. The Trustee reaches this conclusion by examining other sections of the Bankruptcy Code, and comparing where the drafters chose to use the word "after" as opposed to "following." ECF No. 42, pp. 4–6. The Trustee argues that "[c]ourts often say that the choice of different words reflects an intent to say something different." ECF No. 42, p. 6., citing *United States v. Poff*, 926 F.2d 588, 591 (7th Cir. 1991), cert. denied, 502 U.S. 827, 112 S. Ct. 96, 116 L. Ed. 2d 67.

#### c. The Creditor–Movant's Argument

The Movant argues that the stay should be lifted pursuant to §§ 362(d)(1)(for cause) and (4) (with *in rem* relief).  Without having moved for dismissal, the Movant also argues the Debtor is ineligible to be a debtor pursuant to § 109(g)(2) and the case should be dismissed.

To meet its burden for *in rem* relief, the Movant contends the Debtor's several bankruptcy cases are a scheme to hinder, delay, and defraud the Movant, preventing enforcement of its non-bankruptcy remedies including foreclosure. ECF No. 17, p. 5. Notwithstanding the Debtor's uncontested history of making or tendering mortgage payments to the Movant or its servicer and her history of making payments to the Chapter 13 Trustee during the various Chapter 13 cases, the Movant posits that these facts establish good cause for relief from stay under § 362(d)(1) and for *in rem* relief under § 362(d)(4).

As to section 109(g)(2), the Movant argues that under either the strict interpretation of section 109(g)(2) or the discretionary approach the petition must be dismissed.  ECF No. 31, pp. 3, 5.  Under the strict approach, the petition must be dismissed because it was brought within 180 days after the Third Case was voluntarily dismissed.  ECF No. 31, p. 6.  Under the discretionary approach, the Movant argues the Debtor has not shown good faith and therefore the petition must be dismissed.  ECF No. 31, p. 5.  The Movant points to the Debtor's repetitive filings that coincide with the Movant's attempts to foreclose on the Debtor's property.  ECF No. 31, p. 4.  The Movant argues that the Debtor's voluntary dismissal of the prior case was precipitated by its Motion for Relief from Stay.  ECF No. 31, p. 4.  The Movant argues that under any test,

the Debtor has shown bad faith and should be prevented from refiling.  ECF No. 31, p. 4.

## IV. DISCUSSION

### a. Dismissal due to Ineligibility Under 11 U.S.C. § 109(g)

After considering the arguments of counsel here, and the arguments made in many other courts over many years regarding the meaning and appropriate application of the eligibility statute relevant here – § 109(g) – I conclude the provision means what it says and should be applied in a manner that provides predictability to future debtors and creditors.  Respectfully, the Bankruptcy Code is not always a model of clarity.  But, when Congress means for a judge to consider certain factors in weighing appropriate relief, it knows what to say.  For example, Congress knows how to state that a clause may be satisfied with specific factual showings, and then to expressly state the list is not exhaustive.  Congress knows how to say that a statutory term applies unless the court determines otherwise.  Here, Congress stated that if a debtor "requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title," then the debtor is ineligible to be a debtor.  11 U.S.C. § 109(g).  Perhaps Congress meant "as a result of" when it drafted "following," but in the decades these arguments as to Congress's intent have been simmering – with a majority of courts concluding the term "following" means "after" rather than "as a consequence of" – Congress has not changed the language.

Importantly, the record here was clear that Ms. Moore had good reasons for dismissing her case, and good reasons for trying again in a new Chapter 13 case.  Trying Chapter 13 more than once is not unusual.  A Chapter 13 case requires a great

deal of perseverance, and some luck, to ensure that myriad paperwork requirements are met and that one's income is not disrupted while trying to maintain the significant payments that are required. Why the case was filed a few weeks before this eligibility issue would have been avoided is not clear, but given Ms. Moore's history of post-petition payments to the mortgage holder or its servicer, and to the Chapter 13 Trustee, I cannot conclude this case was filed in bad faith. Instead, I merely conclude this case was filed within 180 days after the voluntary dismissal of the Third Case, resulting in ineligibility to be a debtor that lasted through December 19, 2022. As a result, I will dismiss this case, in part *sua sponte* and in part to address the request by the Movant.

### b. 11 U.S.C. § 362(d)(1)

Were the court not dismissing the case, it would conclude the Movant has not established good cause for modifying, terminating, annulling or conditioning the automatic stay. While the Movant established it is under secured in relation to its collateral and entitled to adequate protection based on its foreclosure judgment, the uncontested record shows the Debtor has been making her post-petition payments on the mortgage, as well as making Chapter 13 Plan payments to cure the pre-petition arrearage to the Trustee. For these reasons, the Movant's motion would be denied to the extent it is premised on § 362(d)(1).

### c. 11 U.S.C. § 362(d)(4)

The court concludes the Debtor has not engaged in a scheme to hinder, delay, or defraud the movant. Although, the Debtor filed four Chapter 13 cases, the Debtor is making significant efforts to prosecute this Fourth Case, and the record reflects the Debtor tendered post-petition payments to the Movant during the Third Case and during

this Fourth Case.  The record also supports the conclusion the Debtor made payments to the Trustee as required by § 1326(a) and has filed an amended Chapter 13 Plan.  For these reasons, I cannot conclude there is a scheme to hinder, delay or defraud the Movant.

V.  **CONCLUSION AND ORDER**

All other arguments made have been considered and determined to be without merit.

ACCORDINGLY, it is hereby

**ORDERED**:  ECF No. 17, the Motion for Relief from Stay, is denied; and it is further

**ORDERED**:  A separate order dismissing this Chapter 13 case will enter.

Dated this 27th day of September, 2023, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut